1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

----oo0oo----

11

In re: BETSEY WARREN          NO. CIV. S-08-440 FCD/KJM
12  LEBBOS,

13           Debtor,
    _____/
14  BETSEY WARREN LEBBOS,

15           Appellant,

16      v.                      <u>MEMORANDUM AND ORDER</u>

17  LINDA SCHUETTE,

18           Appellee.
    _____/
19
    In re: JASON GOLD,          NO. CIV. S-08-502 FCD/KJM
20
             Debtor,
21  _____/
    JASON GOLD,
22
             Appellant,
23
        v.
24
    LINDA SCHUETTE,
25
             Appellee.
26  _____/

27

28

1

In re: THOMAS CARTER,                    NO. CIV. S-08-503 FCD/KJM

      Debtor,
_____/

THOMAS CARTER,

      Appellant,

      V.

LINDA SCHUETTE,

      Appellee.
_____/

----oo0oo----

These matters are before the court on the following motions brought by appellants Betsey Warren Lebbos, Jason Gold and Thomas Carter ("appellants") in the above captioned bankruptcy appeals:[1] (1) motions to consolidate the appeals; (2) motions to disqualify the undersigned from hearing said appeals; and (3) motions to certify these appeals directly to the Ninth Circuit.  Because the court finds appellants have not effectuated proper appeals in the first instance, it dismisses the appeals and accordingly, denies appellants' pending motions as moot.

By these appeals, appellants seek reversal of the bankruptcy court's entry of default against them, pursuant to an order granting appellee terminating sanctions for appellants' discovery violations.  In each of the above cases, appellants filed notices of appeal, pursuant to 28 U.S.C. § 158(a)(3), specially electing appeal to the United States District Court.  Section 158(a)(3) provides that "district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders,

---

[1]     Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

1  and decrees . . . (3) with leave of the court, from . . .

2  interlocutory orders and decrees[.]"  An order entering default,

3  as opposed to default *judgment*, is not a final, appealable order.

4  See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 512

5  (9th Cir. 1986); Baker v. Limber, 647 F.2d 912, 916 (9th Cir.

6  1981).  Thus, the order at issue here is an interlocutory order

7  which appellants may appeal only if this court grants them leave

8  to do so.

9      The procedure for obtaining leave to appeal is prescribed by

10  Bankruptcy Rule 8003(a), which requires a motion containing:

11  (1) a statement of facts necessary to an understanding of the

12  questions to be presented by the appeal; (2) a statement of the

13  question and the relief sought; (3) a statement of reasons why an

14  interlocutory appeal should be entertained; and (4) copies of the

15  questioned order and any opinion or memorandum relating to it.

16  Fed. R. Bankrupt. P. 8003.  However, if the required motion for

17  leave to appeal is not made, subsection (c) of Rule 8003 grants

18  the court discretion to consider the notice of appeal as a motion

19  for leave to appeal.  Hupp v. Ed. Credit Manag. Corp., 383 B.R.

20  476, 480 (9th Cir. 2008).  This court elects to do so in this

21  case and considers appellants' notices of appeal as motions for

22  leave to appeal.

23      The conditions for granting leave to appeal are that the

24  interlocutory order: (1) involves a controlling question of law;

25  (2) as to which there is substantial ground for difference of

26  opinion; and (3) and that an immediate appeal from the order may

27  materially advance the ultimate termination of the litigation.

28  These factors derive from 28 U.S.C. § 1292(b), the provision

3

1  allowing circuit courts to review interlocutory orders certified

2  by the district court for appeal.  <u>Belli v. Temkin</u>, 268 B.R. 851,

3  858 (9th Cir. 2001).  Ultimately, in exercising its discretion to

4  permit appeal of an interlocutory order, the court should grant

5  leave "to avoid wasteful litigation and expense where the appeal

6  presents a meritorious issue on a controlling question of law and

7  an immediate appeal would materially advance [termination] of the

8  litigation."  <u>In re Sonicblue, Inc.</u>, 2007 WL 3342662, *3 (N.D.

9  Cal. Nov. 9, 2007).

10       In this case, appellants cannot establish these requisite

11  elements to justify appeal of an interlocutory order.  There is

12  no controlling issue of law in this case, as the bankruptcy

13  court's decision to enter default as a terminating sanction was

14  based primarily on factual findings concerning appellants'

15  failure to comply with discovery requests.  <u>See e.g.</u> <u>Keystone</u>

16  <u>Tobacco Co., Inc. v. Nat'l Tobacco Co.</u>, 217 F.R.D. 235, 238 (D.C.

17  Dist. 2003) (recognizing that an issue is not a "controlling

18  issue of law" where the issue decided by the court is "fact-

19  dependent").  Moreover, while reasonable jurists might differ as

20  to whether those facts justified the imposition of terminating

21  sanctions, Section 1292(b) requires more than simply disagreement

22  with the court's conclusion.  <u>Kern-Tulare Water Dist. v.</u>

23  <u>Bakersfield</u>, 634 F. Supp. 656, 667 (E.D. Cal. 1986), <u>aff'd</u> <u>in</u>

24  <u>part</u> <u>and</u> <u>rev'd</u> <u>in</u> <u>part</u> <u>on</u> <u>other</u> <u>grounds</u>, 828 F.2d 514 (9th Cir.

25  1987) (recognizing that a party's strong disagreement with the

26  court's ruling is not sufficient for there to be a "substantial

27  ground for difference" of opinion; the proponent of an appeal

28  must make some greater showing.)  Finally, immediate appeal of

4

1   the bankruptcy court's entry of default will not materially
2   advance the termination of the underlying adversary proceeding.
3   Subsequent to filing of the instant appeals, the bankruptcy court
4   entered default *judgment* against appellants.  Indeed, appellants
5   have separately appealed that decision to this court.  (<u>In re:</u>
6   <u>Betsey Warren Lebbos</u>, Case No. S-08-912 FCD.)  Thus, termination
7   of these appeals will not materially advance the termination of
8   the underlying litigation since it has already concluded pursuant
9   to the bankruptcy court's entry of default judgment.  <u>See e.g.</u> <u>In</u>
10   <u>re Sarchet</u>, 2007 WL 801642, *3 (N.D. Cal. Mar. 14, 2007) (denying
11   leave to appeal where the bankruptcy court had already issued its
12   final decree and closed the case and thus no decision by the
13   district court on the subject "Order re Clarification" could
14   affect the outcome of the case).

15      Accordingly, for the above reasons, the court DENIES leave
16   to appeal in the above captioned actions and HEREBY DISMISSES the
17   appeals for lack of jurisdiction as an interlocutory appeal for
18   which leave to appeal has not been granted.  As such, appellants'
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

1   pending motions are DENIED as MOOT.[2]

2          IT IS SO ORDERED.

3    DATED: June 10, 2008

4

5                                         _____
6                                         FRANK C. DAMRELL, Jr.
                                          UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

_____
19          [2]      The court acknowledges that appellants seek to
20   disqualify the undersigned from adjudicating these appeals on the
     basis of alleged bias.   (See also, Mtn. to Supplement Mtn. to
21   Disqualify, filed by appellant Lebbos on June 4, 2008 [Docket #47
     in Case No. Civ. S-08-440 FCD/KJM.)   The instant order only
22   addresses whether appeal is *procedurally* appropriate.   As such,
     because this order does not reach the substantive merits of
23   appellants' appeals of the entry of default, the court finds that
     it is unnecessary to consider the motion to disqualify.
24   Moreover, appellants have filed the same motion to disqualify in
     Case No. Civ. S-08-912 FCD, appealing the bankruptcy court's
25   entry of default judgment.   In that matter, appellants have a
     direct right of appeal, pursuant to Section 158(a)(1), and thus,
26   the court can consider the merits of appellants' disqualify
     motion in that related case.   (See Minute Order, filed May 29,
27   2008, in Case No. Civ. S-08-912 FCD, directing appellants to file
     amended notices of motion setting the disqualification motion and
28   other motions on the court's regular law and motion calendar.)